HDM/DGR:JOE/GN
F. #2023R00426

FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
\* SEPTEMBER 27, 2023 \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MINA TADRUS,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 23-CR-393
(T. 15, U.S.C., §§ 78j(b), 78ff, 80b-6 and 80b-17; T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

Judge Hector Gonzalez
Magistrate Judge Robert M. Levy

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Securities Fraud)

1.    In or about and between September 2020 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MINA TADRUS, together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in Tadrus Capital LLC and Tadrus Capital Fund LP (the "Tadrus Entities"), in connection with the purchase and sale of investments in the Tadrus

Entities, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWO
(Wire Fraud)

2. In or about and between September 2020 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MINA TADRUS, together with others, did knowingly and intentionally devise a scheme and artifice to defraud one or more investors and potential investors in the Tadrus Entities, to wit: Victims-1 through 31, individuals whose identities are known to the grand jury, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT THREE
(Investment Adviser Fraud)

3. In or about and between September 2020 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MINA TADRUS, together with others, did knowingly and willfully use and caused to be used, the mails and means and instrumentalities of interstate commerce, directly and indirectly: (a) to employ one or more devices, schemes, and artifices to defraud clients and prospective clients of Tadrus Capital LLC; (b) to engage in one or more transactions, practices, and courses of business

which operated as a fraud and deceit upon clients and prospective clients of Tadrus Capital LLC; and (c) to engage in one or more acts, practices, and courses of business that were fraudulent, deceptive, and manipulative.

(Title 15, United States Code, Sections 80b-6 and 80b-17; Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)   cannot be located upon the exercise of due diligence;

  (b)   has been transferred or sold to, or deposited with, a third party;

  (c)   has been placed beyond the jurisdiction of the court;

  (d)   has been substantially diminished in value; or

  (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_By C. Pokay, Assistant U.S. Attorney_
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00426
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

MINA TADRUS,

Defendant.

# INDICTMENT

(T. 15, U.S.C., §§ 78j(b),78ff, 80b-6 and 80b-17; T. 18, U.S.C.,
§§ 981(a)(1)(C), 1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c)))

*A true bill.*

_____
                                                                    Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
                                                                         Clerk

Bail, $ _____

*John O. Enright and Genny Ngai, Assistant U.S. Attorneys (718) 254-7000*